### In re WILLIAMS & LEIDIG, Bankrupts.*

*(District Court, E. D. Pennsylvania. June 27, 1882.)*

BANKRUPTCY—DISCHARGE—FAILURE TO KEEP PROPER BOOKS.

A firm, during less than three years prior to their bankruptcy, had received from an individual notes and drafts to the amount of $42,881.79, which they had procured to be discounted. Neither their ledger nor cash-book contained any entries of these transactions, nor did the name of the party from whom

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

the notes were received appear therein. The bill-book contained nothing relating thereto, except some lead-pencil entries in the back of the book. The bankrupts had lost over $30,000 in less than three years, and their goods were, at the time of their bankruptcy, under execution upon a judgment confessed to the creditor from whom they had received the notes. *Held*, that the failure to enter these note transactions in their books was a failure to keep proper books of account, and would prevent their discharge.

Exceptions to the report of a register upon an application for a discharge.

The register had reported that the bankrupts had commenced business October 1, 1873, with a capital of $8,000, and stopped July 5, 1876; that when they failed they owed one Christopher Heebner $8,500, on acceptances; that they had received from said Heebner and had procured to be discounted notes and drafts to the amount of $42,881.79, of which the said sum of $8,500 was unpaid at the time of their failure; that neither their ledger nor cash-book showed either the receipt of any such sum of money or the disbursement thereof, nor did Heebner's name appear therein; that of the sum of $42,881.79 received from Heebner, $23,581.79 thereof was said to be composed of certain lead-pencil entries made in the back of the bill-book; that nothing appeared in connection therewith on the book to show Heebner's relation thereto; that in view of the fact that the bankrupts failed for $23,900, and lost $8,000 capital in addition, in less than three years, and were under a levy of Heebner's, having confessed judgment to him, their stock of goods on hand at the time not amounting to over $7,000, the register was of opinion that their failure to enter on their books the disposition of so large a sum as $42,881.79 was ground for refusing them their discharge, as not having kept proper books of account. To this report the bankrupts excepted.

*David C. Harrington*, for bankrupts.

*Richard P. White*, for assignee.

BUTLER, D. J. Looking at this case with a desire to relieve the bankrupts, if it be done consistently with justice to others, I find myself compelled to sustain the register's report against them. Very great liberality has been exercised by the courts in construing and applying the statutory provision requiring merchants and tradesmen to "keep proper books of account,"—so great in some instances as almost to nullify the law. There is no hardship in enforcing this provision. Its purpose is to require dealers to keep such accounts as will exhibit their business and standing not only to themselves, but also to their creditors, before and after failure. This is not

much to require of a man who asks to be discharged from his debts without paying them. In this instance the bankrupts have not observed the requirement. Their books fail to show their business in an important particular, and to a large extent. We are therefore compelled to dismiss their exceptions to the register's report, and refuse their application for a discharge.